Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7995 | **DATE** | May 21, 2001 |
| **CASE TITLE** | Vickerman v. Sherman | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's motion to dismiss (5-1) is granted. Plaintiff's complaint is dismissed on <u>Younger</u> abstention grounds, without prejudice to further state proceedings. See attached for details. ENTER MEMORANDUM OPINION.

(11) x [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| X | Notices MAILED by judge's staff. | | MAY 25 2001 | |
| | Notified counsel by telephone. | | date docketed | 10 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to _____ | 01 MAY 24 PM 4:38 | date mailed notice | |
| KAM | courtroom deputy's initials | | KAM mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

(Reserved for use by the Court)

00-7995.011-JCD                                           May 21, 2001

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| VALERIE VICKERMAN RUNES f/k/a VALERIE VICKERMAN MORRIS, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 00 C 7995 |
| LEONARD SHERMAN, not individually but as Director, ILLINOIS DEPARTMENT OF PROFESSIONAL REGULATION, | )<br>)<br>)<br>)<br>) |
| Defendant. | ) |

DOCKETED
MAY 25 2001

## MEMORANDUM OPINION

This case comes before the court on defendant's motion to dismiss the complaint on abstention grounds, statute of limitations grounds, and for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated below, we grant the motion.

## BACKGROUND

Plaintiff Valerie Vickerman Runes ("Runes"), formerly known as Valerie Vickerman Morris, is a lay midwife.[1] Defendant Leonard Sherman is Director of the Illinois Department of Professional Regulation (the "IDPR"), a state agency responsible for, among other things, enforcing the provisions of the Illinois Medical Practice Act of 1987, 225 ILCS 60/1 et seq. (the "Medical Practice

---

[1] Lay midwives, also known as "direct-entry" or "traditional" midwives, assist parents in the birth process but are not licensed as doctors or as nurse-midwives. (Complaint, ¶ 6.)

10

Act"), and the Illinois Nursing and Advanced Practice Nursing Act, 225 ILCS 65/1 et seq. (the "Nursing Act").

On September 29, 1998, the IDPR issued to Runes a "Notice of Disciplinary Conference" related to her "extensive midwife services since 1984." (Complaint, ¶ 11 & Ex. B.) Runes refused to attend the disciplinary conference on the ground that the practice of midwifery is not licensed or regulated by Illinois law and thus the IDPR had no jurisdiction over her. (Id., ¶ 11 & Ex. C.) On October 28, 1998, the IDPR issued a Rule to Show Cause why it should not order Runes to cease and desist several specified actions, such as prenatal care and examinations, on the ground that those actions constituted the unlicensed practice of medicine. (Id., ¶ 12 & Ex. D.) Runes answered the Rule to Show Cause, again challenging the IDPR's jurisdiction; the IDPR then filed a reply, and Runes responded. (Id., ¶ 12 & Exs. E, F, G.) On November 23, 1998, the IDPR ordered Runes to cease and desist the unlicensed practice of medicine. (Id., ¶ 13 & Ex. H.)

In February 1999, Runes became licensed as a registered nurse and began working at Provena St. Joseph Hospital ("Provena") as a labor and delivery nurse. (Id., ¶ 15.) On March 22, 2000, the IDPR filed a five-count complaint against Runes, charging her with practicing beyond the scope of her nursing license by performing midwifery services and seeking discipline or the suspension or revocation of Runes' nursing license. (Id., ¶ 17 & Ex. J.) On July 5, 2000, Runes was terminated from her position as charge

nurse of labor and delivery at Provena for "jeopardizing [her] RN license & reputation of Provena St. Joseph Hospital by illegally practicing outside of the parameters of the Illinois Nursing License."[2] (Id., ¶ 19 & Ex. O, Provena Standards of Performance and Conduct Action Form.) The IDPR amended its complaint on August 15, 2000, adding additional counts of fraud in applying for a license and material violation of the cease and desist order. (Id., ¶ 17 & Ex. K.) Runes' motion to dismiss the complaint was denied. (Id., ¶ 18 & Ex. N.) According to defendant, Runes was ordered to answer the complaint by December 29, 2000, but instead she has moved to stay the administrative proceedings on the ground that the instant case is pending in this court. (Defendant's Memorandum at 3 & Ex. G.)

On July 6, 2000, the IDPR issued another Rule to Show Cause, alleging that Runes was practicing midwifery without having met the requirements for licensure as an "advanced practice nurse" under the Nursing Act. (Id., ¶ 20 & Ex. P.) Runes again challenged the IDPR's jurisdiction, but was issued a second Cease and Desist Order on August 4, 2000. (Id., ¶ 20 & Exs. Q, R.) On September 8, 2000,

---

[2] Regarding her employment at Provena, Runes alleges that in early June 1999, IDPR investigators visited Provena and informed Runes's supervisors that she was being investigated for practicing beyond the scope of her nursing license. The investigators also told the supervisors that Runes was suspected of taking drugs from Provena for use in her midwifery practice, a charge that Runes disputes. Runes was suspended for approximately three weeks and then reinstated with back pay. In mid-June 2000, Runes was promoted to charge nurse. (Complaint, ¶ 15.) As for her termination, Runes states: "Runes advised the Hospital of her background at the time of hire, supporting the inference that Provena only considered midwifery as beyond the scope of licensure after being contacted by the [IDPR]." (Id., ¶ 19.)

Runes filed a complaint for administrative review of the order, which is still pending in the Circuit Court of Cook County. (Id., ¶ 20.)

On November 30, 2000, the IDPR filed a second complaint against Runes, seeking suspension or revocation of her nursing license for purported "dishonorable, unethical or unprofessional conduct" and practicing beyond the scope of her nursing license. (Id., ¶ 21 & Ex. S.) The factual basis for this complaint was that Runes had allegedly told Provena in June 1999 that she would not perform any more midwife services and that subsequently a patient seen in the Emergency Room at Provena on June 16, 2000 informed the staff that Runes had delivered her baby at home. (Id., Ex. S.)

Runes filed this 42 U.S.C. § 1983 action on December 21, 2000, seeking declaratory and injunctive relief against defendant in his official capacity as Director of the IDPR. Runes alleges that defendant violated her substantive due process rights by enforcing and prosecuting "a prohibition of direct entry midwifery which does not appear anywhere in Illinois statute." (Id., ¶ 25.) Runes also contends that her procedural due process rights have been violated in the administrative enforcement proceedings. (Id. at 8.)

Defendant has moved to dismiss the complaint on various grounds: (1) the court should abstain from this case based on the Younger, Pullman, and Burford abstention doctrines; (2) plaintiff's claims are barred by the statute of limitations for § 1983 claims; and (3) plaintiff has failed to state a claim for violation of

substantive and procedural due process.

**DISCUSSION**

Younger v. Harris, 401 U.S. 37 (1971) and its progeny hold that federal courts must abstain, absent "extraordinary circumstances," from deciding matters that might interfere with the judicial process of state courts and administrative agencies when important state interests are involved. See Barichello v. McDonald, 98 F.3d 948, 954 (7th Cir. 1996). The core of the Younger doctrine is comity--the notion that federal courts should respect the legitimate interests of state governments and try to avoid unduly interfering with those interests. See AFSCME v. Tristano, 898 F.2d 1302, 1303-04 (7th Cir. 1990).

The Younger doctrine applies not only to state criminal proceedings, but also to state civil proceedings and administrative proceedings, provided that three requirements are met. See Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Majors v. Engelbrecht, 149 F.3d 709, 712 (7th Cir. 1998). Abstention is appropriate if (1) there are ongoing state proceedings that are "judicial in nature"; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity in the state proceedings to raise constitutional claims. See Majors, 149 F.3d at 712-13. Abstention is not appropriate, though, if "extraordinary circumstances" exist; for example, if the state proceedings are being undertaken in bad faith

or to harass, or are based on a "flagrantly and patently" unconstitutional statute. See Middlesex, 457 U.S. at 435, 437.

Plaintiff does not contest that the first Younger prong is satisfied: there are ongoing state proceedings here that are judicial in nature, both administratively and in the Circuit Court of Cook County. However, plaintiff argues that the second Younger prong is not satisfied because the state proceedings do not implicate an important state interest. Plaintiff contends that no Illinois law supports the IDPR's position in the state proceedings and thus no important state interest is at stake. This argument misses the mark. In New Orleans Public Service, Inc. v. Council of New Orleans, 491 U.S. 350, 365 (1989), the Supreme Court explained that in determining whether the state proceeding involves sufficiently important state interests, a court must "not look narrowly to [the state's] interest in the outcome of the particular case," but rather to "the importance of the generic proceedings to the State." Thus, the relevant question is whether the state proceedings seeking enforcement of the Medical Practice Act and the Nursing Act are, in general, of sufficient state importance to warrant this court's abstention. The Seventh Circuit has stated: "That the regulation and licensing of health care professionals is an important matter of state concern is beyond dispute." Majors, 149 F.3d at 713. Therefore, we conclude that the state proceedings here implicate important state interests.

Plaintiff also contends that the third Younger prong is not

satisfied. Plaintiff bears the burden of showing that state procedural law bars presentation of her claims. See Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 14 (1987). "Federal courts must presume that state courts are capable of establishing and administering judicial process consistent with the requirements of the federal constitution, and that 'state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary.'" Barichello, 98 F.3d at 954-55 (quoting Pennzoil, 481 U.S. at 15). Plaintiff fails to rebut that presumption. She indicates that she has raised due process claims "in all previous and pending proceedings." (Plaintiff's Response at 5.) And rather than alleging that she does not have an adequate opportunity to raise her constitutional challenges in the administrative review proceedings, plaintiff explains that so far, she has not chosen to raise those challenges, and that she believes the IDPR will oppose any future efforts to do so. (Id.) These contentions do not meet plaintiff's burden to show that she is barred from presenting her constitutional claims, and we have no reason to believe that she will not have that opportunity.[3] Moreover, plaintiff does not dispute that she may seek appellate review of any decision in the administrative proceedings; indeed, she is currently seeking review, in the Circuit Court of Cook County, of the August 4, 2000

---

[3] Illinois allows a plaintiff to join constitutional claims under § 1983 with a request for administrative review. See Manley v. City of Chicago, 236 F.3d 392, 397 (7th Cir. 2001).

Cease and Desist Order.[4] Accordingly, the third prong of Younger is satisfied here.

Younger bars us from enjoining the pending state proceedings "except in the very unusual situation that an injunction is necessary to prevent great and immediate irreparable injury." Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc., 477 U.S. 619, 626 (1986). Plaintiff asserts that this exception to the Younger doctrine applies here because the IDPR's actions have affected her livelihood "as both a midwife and a licensed nurse." (Plaintiff's Response at 6.) This allegation does not show that there is a pressing need for immediate equitable relief in this case. Plaintiffs cannot complain where the injury asserted "is solely 'that incidental to every [such] proceeding brought lawfully and in good faith.'" Younger, 401 U.S. at 49. While we do not mean to downplay the effects of the state proceedings on plaintiff, they do not rise to the level of "great and immediate irreparable injury."

For Younger purposes, a showing of a bad faith prosecution is equivalent to a showing of irreparable injury. See Collins v. County of Kendall, 807 F.2d 95, 98 (7th Cir. 1986). Plaintiff appears to contend that the state proceedings were brought in bad faith. "Bad faith" generally means that a prosecution has been

---

[4] "[I]t is sufficient . . . that constitutional claims may be raised in state-court judicial review of the administrative proceeding." Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc., 477 U.S. 619, 629 (1986). The Supreme Court has "repeatedly rejected the argument that a constitutional attack on state procedures themselves 'automatically vitiates the adequacy of those procedures'" for purposes of the Younger doctrine. Id. at 628 (quoting Moore v. Sims, 442 U.S. 415, 427 n. 10 (1979)).

brought without a reasonable expectation of obtaining a valid conviction. See Arkebauer v. Kiley, 985 F.2d 1351, 1358 (7th Cir. 1993). Plaintiffs must meet a high threshold to establish bad faith or harassment as an exception to the Younger doctrine. To invoke the bad faith exception, a plaintiff must allege specific facts that support more than just a conclusory inference of bad faith. See Collins, 807 F.2d at 98. "This specific evidence must show that state prosecution 'was brought in bad faith for the purpose of retaliating for or deterring the exercise of constitutionally protected rights.'" Id.

The purported evidence of bad faith plaintiff offers is a letter from defendant stating the IDPR's position that, pursuant to the Medical Practice Act and the Nursing Act, "unlicensed, unregulated midwives are guilty of a Class A Misdemeanor for the first offense and a Class 4 Felony for each subsequent conviction." (Complaint, Ex. A, Letter from Leonard A. Sherman to Brad Cole of Illinois Families for Midwifery and Yvonne [Lapp] Cryns of the Illinois Council of Certified Midwives (Apr. 12, 2000).) This letter, however, does not demonstrate that the state proceedings were brought against plaintiff to retaliate for or to deter the exercise of her constitutional rights; on the contrary, it is consistent with a good-faith belief on the part of defendant that the Medical Practice Act and the Nursing Act apply to plaintiff's conduct. Plaintiff contends that "[i]t can be reasonably inferred from Sherman's letter that the [IDPR] intends to prosecute Runes or

any other unlicensed midwife in this State until such time as there are no midwives left to prosecute," suggesting that the IDPR would not comply with a court order. (Plaintiff's Response at 6.) We reject this argument as an unreasonable inference.

Accordingly, because the three Younger prongs are satisfied and no exceptions apply, we must dismiss this case. Younger abstention "contemplates the outright dismissal of the federal suit." Gibson v. Berryhill, 411 U.S. 564, 577 (1973). Because the Younger doctrine is controlling, we do not reach the applicability of the Pullman or Burford doctrines, and because plaintiff's claims are dismissed on jurisdictional grounds, we are without power to decide defendant's statute of limitations and Rule 12(b)(6) arguments.

## CONCLUSION

For the foregoing reasons, we grant defendant's motion to dismiss the complaint. Plaintiff's complaint is dismissed on Younger abstention grounds, without prejudice to further state proceedings.

Date: May 21, 2001

ENTER:

John F. Grady, United States District Judge